IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TAOFEEK A. QUADRI                                          PLAINTIFF

v.                                Civil No. 4:16-cv-04003

THE UNITED STATES                                      DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendants' Motion To Dismiss. ECF No. 10. Plaintiff filed a response to this motion. ECF No. 12. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court for the purpose of making a report and recommendation. This Court, having reviewed the parties arguments and briefing, recommends separate Defendants' Motion To Dismiss (ECF No. 10) be **GRANTED.**

**1. Background**

On January 5, 2016, Plaintiff filed a *pro se* Complaint against Defendants United States of America and Eric Fanning, Secretary of Army, alleging various claims of discrimination and wrongful administrative separation, including 1) wrongfully discharged from the United States Army, 2) Retaliated/Reprised against for engaging in "protected activities," and 3) discriminated against for engaging in "protected activities.". ECF No. 1. Plaintiff's Complaint involves the revocation of his security clearance and dismissal from employment. *Id.* On May 18, 2016, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim by failing to meet basic pleading requirements under Fed. R. Civ. P. 8. ECF. No. 10. Plaintiff responded to this motion on May 26, 2016. ECF No. 12.

A discussion of Plaintiff's prior litigation is also relevant in relation to the pending Motion to

Dismiss. This is the Plaintiff's second suit filed in the Western District of Arkansas involving his termination based upon his security clearance being revoked. *See Quadri v. McHugh, et al*, Case No. 4:13-cv-4082 (WD Arkansas). That case was dismissed without prejudice because the case was not ripe for consideration. ECF No. 23 (Case No. 4:13-cv-4082).

Plaintiff has also filed three related suits in the Eastern District of Texas involving the revocation of his security clearance and dismissal from federal civilian employment which include *Quadri, et al, v. Holder, et al*, Case No. 5:14-cv-1 (ED Texas); *Quadri v. McHugh (1)*, Case No. 5:14-cv-35 (ED Texas) and *Quadri v. McHugh (2)*, Case No. 5:15-cv-30 (ED Texas). *Quadri, et al, v. Holder, et al* was dismissed without prejudice. *See* Memorandum Order Adopting Report and Recommendation. ECF No. 10, Exhibit 1. *Quadri v. McHugh (1)* was dismissed with prejudice. *See* Memorandum Order Adopting Report and Recommendation. ECF No. 10, Exhibit 2. (Appeal dismissed as frivolous. *Quadri v. Murphy*, __ Fed.Appx. __ (2016), 2016 WL 700122 (unpublished)). Finally, *Quadri v. McHugh (2)* was dismissed with prejudice. *See* Memorandum Order Adopting Report and Recommendation. ECF No. 10, Exhibit 3. On May 16, 2016, the court denied Plaintiff's Motion for Reconsideration. *See* Order, ECF No. 10, Exhibit 4. Also, it should be noted the Honorable Robert W. Schroeder, III, of Eastern District of Texas, placed filing restrictions on Plaintiff in the Eastern District of Texas. *See* ECF No. 10, Exhibit 3 at 11.[1]

**2. Applicable Law**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state

---

[1] "It is further ORDERED that Taofeek Quadri is prohibited from proceeding *in forma pauperis* with any new civil action in this Court regarding these claims unless he first obtains from a district judge of this Court leave to proceed *in forma pauperis*. If a civil action is removed or transferred to this Court, the case should be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Quadri seeks, in writing, leave from a district judge of this Court to proceed in this Court."

a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009). The complaint must have a short and plain statement of the claim showing that the plaintiff is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly,* 550 U. S. at 555. While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 556.

The complaint must set forth enough facts to state a claim to relief that is plausible on its face. *Braden v. Wal–Mart Stores,* Inc., 588 F.3d 585, 594 (8th Cir.2009). In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Although *pro se* complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the *pro se* litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quotations omitted), cited with approval in *Palmer v. Clarke*, 408 F.3d 423, 444 n. 15 (8th Cir.2005).

When the Court's subject matter jurisdiction is challenged, at issue is the Court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). A defendant bringing

3

a motion to dismiss under Fed R. Civ. P. 12(b)(1), may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dumbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). In a facial attack, the court merely, "[needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction*." Branson Lable, Inc. v. City of Branson,* 793.F.3d 910 at 914 (8th Cir. 2015) quoting *Menchaca v. Chrysler Credit Corp*., 613 F.2d 507, 511 (5th Cir. 1980).

The Court should, "restrict[s] itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Id. at 914 quoting *Osborn*, 918 F. 2d 724, 729. n. 6. Therefore, when considering a facial attack, the court must, "take the complaint's factual allegation as true.*" Bowe v. Northwest Airlines, Inc.*, 974 F.2d 101 at 103 (8th Cir. 1992) citing *Lawrence*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990) and *Haley v. Childers*, 314 F.2d 610, 613 (8th Cir. 1963).

### 3.  Discussion

In reviewing Plaintiff's pleadings, he alleges various claims of discrimination and wrongful administrative separation, including; (1) wrongfully discharged from the United States Army, (2) Retaliated/Reprised against for engaging in "protected activities," and (3) discriminated against for engaging in "protected activities."  ECF No. 1.

#### A. Failure to Sate a Claim

Plaintiff's complaint must include, "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  However, in reviewing this complaint, it contains vague language, imprecise allegations, conclusory statements and limited factual allegations which are unclear and fail to provide Defendants an adequate opportunity to determine what adverse actions were allegedly taken against Plaintiff.

Plaintiff states he brings this action for, "Wrongful discharge; retaliation/reprisal for engaging in "protected activities"; and discrimination for engaging in "protected activities." ECF No. 1. However, Plaintiff fails to provide factual information about what was "wrongful" about his discharge, what events Defendant allegedly committed in retaliation/reprisal, what "protected activities" Plaintiff was engaged in, nor what acts of "discrimination" were committed against Plaintiff. While Plaintiff makes a conclusory statement that other military personnel were treated more favorably, he fails to set forth any facts to support a conclusion that other military personnel similarly situated were treated more favorably or that the revocation of his security clearance was a pretext for his discharge.

Plaintiff's complaint completely lacks specific allegations upon which the alleged unlawful activities can be determined to the point where Defendants would not be able to ascertain what events Plaintiff challenges. "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'" citing *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Plaintiff's Complaint fails to do so.

Even assuming Plaintiff's Complaint was compliant Fed. R. Civ. P. 8, the *Feres* doctrine prevents courts from examining military decisions, such as those involved in this matter. *Feres v. United States,* 340 U.S. 135 (1950). As a general rule, the doctrine bars claims against the federal government by members of the armed forces and their families for injuries arising from or in the course of activity incident to military service. In this matter, Plaintiff's termination was as a result of his losing his security clearance. As stated by Defendants, the decision for officers to be capable of holding a security clearance is a military matter which calls into question military discipline and decision making. The *Feres* doctrine prevents courts from examining such military decisions.

The *Feres* doctrine also applies to Title VII claims. *See Wetherill v. Geren,* 616 F.3d 789 (8th

5

Cir., 2010).  In *Wetherill*, it was alleged the National Guard discriminated against Plaintiff when it revoked a waiver of her Mandatory Retirement Date which required her to retire from the National Guard. Plaintiff alleged the National Guard's stated reason for the revocation was a pretext for discrimination and the decision was actually based upon her gender and national origin in violation of Title VII.  The court found as a general rule, "the *Feres* doctrine precludes claims brought by service members under Title VII arising out of activities that are incident to military service." *Id.* at 794.

In reviewing the Complaint, Plaintiff's claims arise out of activities incident to his military service.  Therefore, the *Feres* doctrine precludes these claims brought by Plaintiff under Title VII arising out of activities that are incident to his military service.

### B. Lack of Subject Matter Jurisdiction

As stated, Plaintiff's Complaint involves the revocation of his security clearance and dismissal from employment.  However, this Court cannot review the basis for Plaintiff's security clearance revocation.

In *Dep't of the Navy v. Egan*, 484 U.S. 518 at 527 (1988), the Supreme Court held Executive Branch security clearance decisions are committed by law to the "broad discretion" of the Executive Branch agency responsible, and are not subject to review by an outside "nonexpert" body such as a court.  While acknowledging the general presumption in favor of judicial review, the *Egan* Court explained that this presumption "runs aground when it encounters concerns of national security." *Id*. at 527.

In this case, Plaintiff's claims of "discrimination" and "retaliation" are based on his security clearance revocation.  However, these claims are not subject to review by this Court under *Egan***.** Accordingly, this Court lacks the jurisdiction to review the merits of Plaintiff's security clearance determination.

Finally, Plaintiff claims based on the revocation of his security clearance are barred based on collateral estoppel. The court in *Quadri, et al, v. Holder*, et al, Case No. 14-cv-01 (E.D. Texas), approved the magistrate judge's findings that "Plaintiffs' claims of discrimination and retaliation are based on the revocation of a security clearance, and these claims are nonjusticiable under *Egan*. ECF No. 10, Exhibit 1, p. 3. In *Quadri v. McHugh*, Case No. 14-cv-35 (ED Texas), when discussing judicial scrutiny of the merits of the legitimacy and possible pretextual nature of revoking Quadri's security clearance, the court stated: ". . . the Supreme Court and several circuit courts have held that such scrutiny is an impermissible intrusion by the Judicial Branch into the authority of the Executive Branch over matters of national security . . ." ECF No. 10 Exhibit 2, p. 4.

The doctrine of collateral estoppel precludes relitigation of factual issues actually litigated and determined in a prior suit." *Steffen v. Housewright*, 665 F.2d 245, 247 (8th Cir. 1981).

**4. Conclusion**

Based upon the foregoing, this Court recommends that Defendants' Motion To Dismiss (ECF No. 10) be **GRANTED** and Plaintiff's Complaint be dismissed with prejudice. Further, this Court recommends Plaintiff, Taofeek Quadri, be prohibited from proceeding *in forma pauperis* with any new civil action in this Court regarding these claims unless he first obtains from a district judge of this Court leave to proceed *in forma pauperis*. If a civil action is removed or transferred to this Court, the case should be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Plaintiff, Taofeek Quadri seeks, in writing, leave from a district judge of this Court to proceed in this Court.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded**

**that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

*See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

  **ENTERED this 16th day of June 2016.**

                s/  Barry A. Bryant      
                HON. BARRY A. BRYANT
                U. S. MAGISTRATE JUDGE