IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TAOFEEK A. QUADRI                                                                                          PLAINTIFF

V.                                         CASE NO. 4:16-CV-04003

UNITED STATES OF AMERICA;
and ERIC K. FANNING,
SECRETARY OF THE ARMY                                                                         DEFENDANTS

### ORDER

Before the Court is the Report and Recommendation filed June 16, 2016, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 17. Judge Bryant recommends that Defendants' Motion to Dismiss (ECF No. 10) be granted. Plaintiff has responded with timely objections. ECF No. 18. The Court finds this matter ripe for consideration.

### I. Background

Plaintiff filed the present action *pro se* on January 5, 2016. ECF No. 1. In the Complaint, Plaintiff named the United States of America and Eric K. Fanning, Secretary of the Army, as defendants. ECF No. 1, pp. 1, 3. Plaintiff was discharged from the United States Army Reserve on September 16, 2015. ECF No. 10-10. Defendants claim Plaintiff was discharged for failing to "obtain or maintain a valid security clearance." ECF No. 10-12. Defendants contend that discharge was compulsory pursuant to a mandate issued by the Secretary of the Army which required "involuntary separation processing of Reserve Component officers when the officer's security clearance is denied, revoked or the officer fails to apply for an initial clearance or reinvestigation of a clearance." ECF No. 10-12. Plaintiff argues that the reason provided for discharge, "failure to obtain or maintain a valid security clearance," is merely pretextual and that

his discharge was racially motivated. ECF No. 1. Plaintiff further argues that his discharge was retaliatory and meant as a means of reprisal for his participation in a "protected activity." ECF No. 1. Plaintiff does not disclose the nature of the "protected activity" in which he took part. Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964.

On May 18, 2016, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) for lack of subject-matter jurisdiction and FRCP 12(b)(6) for failure to state a claim by failing to meet basic pleading requirements of FRCP 8. ECF No. 10. Plaintiff responded on May 26, 2016. ECF No. 12. On June 16, 2016, Judge Bryant filed a Report and Recommendation recommending that Defendants' Motion to Dismiss be granted. ECF No. 17. Plaintiff's objections where filed in a timely fashion and specific so as to trigger *de novo* review of Judge Bryant's Report and Recommendation.

## II. Discussion

The Court now turns to whether Mr. Quadri's present claim is justiciable under the *Feres* Doctrine.

In *Wetherill v. Geren*, the United States Court of Appeals for the Eighth Circuit found that "as a general rule, the *Feres* doctrine precludes claims brought by servicemembers under Title VII arising out of activities that are incident to military service." 616 F.3d 789, 794 (2010). The Court further stated that:

> [T]he standard to be applied . . . to determine whether a particular claim is barred under the *Feres* doctrine is, quite simply, the standard articulated in *Feres* itself: Did the injury complained of arise out of or occur in the course of activity incident to military service?

*Id*. at 798.

In the present case, Mr. Quadri claims that he was wrongfully discharged from the United States Army Reserve for discriminatory reasons. Defendants argue that Mr. Quadri failed to

2

maintain his security clearance and, therefore, discharge was compulsory under Army Directive 2013-13, which requires "mandatory involuntary separation processing when a Reserve Component officer's clearance is finally denied or revoked." ECF 10-9. It is undisputed that Mr. Quadri's security clearance was revoked. Therefore, pursuant to Army Directive 2013-13, Mr. Quadri's discharge was mandatory. Thus, it is clear that Mr. Quadri's injury, separation from the United States Army Reserve, occurred in the course of activity incident to military service, namely, failure to maintain the proper security clearance. Accordingly, pursuant to the *Feres* doctrine, Mr. Quadri's Title VII claims are nonjusticiable in this court and the case should be dismissed. The Court will not address Plaintiff's other arguments because this finding is determinative and requires dismissal of Plaintiff's claims.

### III. Conclusion

For the reasons stated above, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 17) insofar as it recommends dismissal pursuant to the *Feres* doctrine. Furthermore, the Court declines to adopt the Report and Recommendation in any other respect because the conclusion that Plaintiff's claims are barred by *Feres* is determinative. Accordingly, Defendants' Motion to Dismiss (ECF No. 10) is hereby **GRANTED** and Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 23rd day of November, 2016.

.

                                                  /s/ Susan O. Hickey  
                                                Susan O. Hickey  
                                                United States District Judge